# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF　　　　　　　　　　　　　　　　　　　　　　　　　　101 WEST LOMBARD STREET
STEPHANIE A. GALLAGHER　　　　　　　　　　　　　　　　　　　　BALTIMORE, MARYLAND 21201
UNITED STATES DISTRICT JUDGE　　　　　　　　　　　　　　　　　　　　　　(410) 962-7780

February 10, 2020

LETTER TO COUNSEL

      RE:    *Sweitzer v. Colleen McGuinn, et al.*,
              Civil No. SAG-17-1741

Dear Counsel and Mr. Sweitzer:

      On February 6, 2020, Plaintiff Philip J. Sweitzer ("Plaintiff") filed a 164 page "Second Amended Complaint," naming dozens of defendants, including this Court, and containing multiple civil rights claims. ECF 64. More than two years ago, on October 10, 2017, United States District Judge George L. Russell III issued a ruling dismissing all of Plaintiff's civil rights claims, leaving only "the allegations concerning denial of medical care on the part of Defendants John Doe #1 M.D., John Doe #2 M.D., and Chief Medical Officer." ECF 11, 12. Upon transfer of this case to my docket, I issued an order stating that, because Plaintiff had subpoenaed information to allow him to identify the defendants, I would "entertain a motion to amend the complaint to add the names of the physicians currently identified as 'John Doe.'" ECF 55.

      In the Second Amended Complaint, Plaintiff goes well beyond the scope of the leave permitted by this Court. *See Attkisson v. Holder*, 925 F.3d 606, 625–26 (4th Cir. 2019) ("To start, the plaintiffs amended their complaint beyond the leave authorized, in violation of Rule 15(a)(2)"). Accordingly, I am dismissing the Second Amended Complaint without prejudice. *Id.* at 626 ("As provided by Rule 41(b), such involuntary dismissals are appropriate when 'the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] *or a court order*.' Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of 'the possibility of dismissal.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962) (emphasis added)). Plaintiff is granted leave to refile a Second Amended Complaint, restricted to the allegations concerning denial of medical care by the physicians previously identified as John Doe, and by the Chief Medical Officer, whose identity may now be known. Plaintiff is expressly *denied leave* to include any additional claims in the Second Amended Complaint.

      I am aware that, in issuing this Order, I am dismissing claims against myself without prejudice. This result is warranted in accordance with Fourth Circuit precedent clearly stating, "Parties cannot be allowed to create the basis for recusal by their own deliberate actions. To hold otherwise would encourage inappropriate 'judge-shopping.'" *United States v. Owens,* 902 F.2d

1154, 1156 (4th Cir. 1990). The claims Plaintiff states pertaining to my actions appear patently frivolous, premised only on my adoption of Judge Russell's previous order. However, because I am dismissing the claims without prejudice, Plaintiff remains free to refile any claims against me in a separate action. He may not, however, engage in judge-shopping by suing the presiding judge in an existing case, in order to force recusal.

      For the reasons stated above, the second amended complaint, ECF 64, is dismissed without prejudice. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                        Sincerely yours,

                        /s/

                        Stephanie A. Gallagher
                        United States District Judge