**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

June 16, 2020

LETTER TO COUNSEL

    RE:    *Sweitzer v. John Doe 1, M.D., et al.*,
               Civil No. SAG-17-1741

Dear Counsel and Mr. Sweitzer:

    Nearly three years ago, on October 10, 2017, United States District Judge George L. Russell III issued a ruling dismissing all of Plaintiff's civil rights claims, leaving only "the allegations concerning denial of medical care on the part of Defendants John Doe #1 M.D., John Doe #2 M.D., and Chief Medical Officer." ECF 11, 12. Upon transfer of this case to my docket, I issued an order stating that, because Plaintiff had subpoenaed information to allow him to identify the defendants, I would "entertain a motion to amend the complaint to add the names of the physicians currently identified as 'John Doe.'" ECF 55.

    Rather than heed that directive, Plaintiff filed a 164-page "Second Amended Complaint," naming dozens of defendants, *including this Court*, and containing multiple civil rights claims. ECF 64. Nonetheless, instead of terminating this three-year-old lawsuit at that point, this Court, once again, permitted Plaintiff to amend his Complaint. ECF 66. Although his claims had been dismissed *without prejudice*, the Court "expressly *denied leave* to include any additional claims" in a subsequent complaint in this case. *Id.* (restricting any amended complaint "to the allegations concerning denial of medical care by the physicians previously identified as John Doe, and by the Chief Medical Officer").

    The old adage says "fool me once, shame on you; fool me twice, shame on me." In this case, shame on the Court, because Plaintiff, once again, filed an Amended Complaint naming dozens of defendants, including this Court, and asserting numerous additional civil rights claims. ECF 75. The Court promptly issued a "return pleading order" because the filing did not comply with the earlier dictates. ECF 76.

    Before Plaintiff defied this Court's Order for the second time, he was granted an extension of time to file his Second Amended Complaint. ECF 73 (extending deadline to March 16, 2020). At approximately the same time, the world, and this country, was thrust into a global pandemic. In response to COVID-19, the United States District Court for the District of Maryland issued a standing order that, in relevant part, extended filing deadlines by 84 days. *See* Standing

*Sweitzer v. John Doe 1, M.D., et al.*
Civil No. SAG-17-1741
June 16, 2020
Page 2

Order 2020-11 (D. Md. May 22, 2020). Accordingly, Plaintiff's Second Amended Complaint was due on June 12, 2020. But, because Plaintiff's improper attempt at a Second Amended Complaint was returned without docketing, there has been no such filing.

As the Fourth Circuit explained,

The Federal Rules of Civil procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.

*Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).

Though dismissal is not a sanction that should be invoked lightly, *Davis v. Williams*, 582 F.2d 69, 70 (4th Cir. 1978), courts should consider "(i) the degree of personal responsibility for the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal," *Ballard*, 882 F.2d at 95.

Here, these factors demonstrate that dismissal is the appropriate sanction. As detailed above, after Judge Russell dismissed the majority of the original Complaint, this Court afforded Plaintiff with multiple opportunities to pursue the limited claims that remained. Plaintiff has not only disregarded the Court's directives, but has done so in a brazen manner. Even when provided with an extra 84 days to rectify his missteps, Plaintiff has taken no action to comply with this Court's orders since the return pleading order issued on March 18, 2020. In fact, despite having no operative complaint, Plaintiff filed a "Motion for Judgment" on May 29, 2020. ECF 77.

The Court can interpret this most recent filing as only the latest in a series of dilatory tactics throughout the life of this case. Enough is enough. On February 21, 2020, I explicitly warned that failure to file an amended complaint — that complies with this Court's orders — would result in dismissal "*with prejudice* pursuant to Federal Rule of Civil Procedure 41(b)." ECF 67 (emphasis added); *see also Ballard*, 882 F.2d at 95 (finding that issuance of a warning about the possibility of dismissal was an important factor supporting the judge's decision). Consistent with this warning, with no operative Complaint to address, the case is DISMISSED with prejudice. A separate Order follows.

Move to Order: For the reasons stated above, this case is DISMISSED with prejudice. The Motion for Judgment, ECF 77, is DENIED. The Clerk is directed to CLOSE this case.

*Sweitzer v. John Doe 1, M.D., et al.*
Civil No. SAG-17-1741
June 16, 2020
Page 3

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States District Judge